```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   UNITED STATES OF AMERICA
 4              v.                          13 Cr. 282 (VM)
 5   EDGAR PALTZER,
                                            Plea
 6              Defendant.
 7   ------------------------------x
 8                                          New York, N.Y.
                                            August 16, 2013
 9                                          10:35 a.m.
10   Before:
11          HON. RONALD L. ELLIS
12                                          Magistrate Judge
13
            APPEARANCES
14
15
16   PREET BHARARA
         United States Attorney for the
17       Southern District of New York
     JASON H. COWLEY
18   DANIEL LEVY
         Assistant United States Attorneys
19
20   THOMAS W. OSTRANDER
         Attorney for Defendant
21
22
23
24
25
```

1                (Case called)

2                THE CLERK:  All counsel please identify yourselves for
3    the record.

4                MR. COWLEY:  Good morning, your Honor.  Jason Cowley
5    for the government.  With me is my colleague Dan Levy and agent
6    Kellen working with the IRS.

7                THE COURT:  Good morning.

8                MR. OSTRANDER:  Thomas Ostrander on behalf of the
9    defendant Edgar Paltzer.

10               THE COURT:  Good morning.

11               THE CLERK:  Mr. Ostrander, please have your client
12   stand.  You are Edgar Paltzer?

13               THE DEFENDANT:  Yes.

14               THE CLERK:  Have you signed this waiver of indictment?

15               THE DEFENDANT:  Yes.

16               THE CLERK:  Before you signed it, did you discuss it
17   with your attorney?

18               THE DEFENDANT:  Yes.

19               THE CLERK:  Did your attorney explain it to you?

20               THE DEFENDANT:  Yes.

21               THE CLERK:  Do you understand what you are doing?

22               THE DEFENDANT:  Yes.

23               THE CLERK:  Do you understand that you are under no
24   obligation to waive indictment?

25               THE DEFENDANT:  Yes.

1             THE CLERK:  Do you understand that if you do not waive
2    indictment, if the government wants to prosecute you, they will
3    have to present this case to a grand jury, which may or may not
4    indict you?
5             THE DEFENDANT:  Yes.
6             THE CLERK:  Do you understand that by signing this
7    waiver of indictment, you have given up your right to have this
8    case presented to a grand jury?
9             THE DEFENDANT:  Yes.
10            THE CLERK:  Do you understand what a grand jury is?
11            THE DEFENDANT:  Yes.
12            THE CLERK:  Have you seen a copy of this information?
13            THE DEFENDANT:  Yes.
14            THE CLERK:  Do you waive its public reading?
15            THE DEFENDANT:  Yes.
16            THE CLERK:  Mr. Edgar Paltzer, how do you plead as to
17   S1 13 Cr. 282, Count One?
18            THE DEFENDANT:  Not guilty.
19            THE CLERK:  Thank you.  Please be seated.
20            Mr. Cowley, I understand that the case has been
21   referred by Judge Marrero so that Mr. Paltzer could withdraw
22   his previously entered plea of not guilty and proceed before a
23   magistrate judge for the purpose of entering a plea to Count
24   One of the information.
25            MR. COWLEY:  That is correct, your Honor.

```
 1              THE COURT:  Mr. Paltzer, I'm Judge Ellis.  The case
 2   has been referred to me by Judge Marrero for the purpose of
 3   taking your plea.  Has the process been explained to you?
 4              THE DEFENDANT:  Yes, your Honor.
 5              THE COURT:  Did you sign a consent to proceed before a
 6   United States magistrate judge on your felony plea allocution?
 7              THE DEFENDANT:  Yes, your Honor.
 8              THE COURT:  Before you signed it, did you discuss it
 9   with your attorney?  Let me ask you again, Mr. Paltzer, did you
10   sign a consent to proceed.
11              THE DEFENDANT:  Yes, your Honor.
12              THE COURT:  Before you signed it, did you discuss it
13   with your attorney?
14              THE DEFENDANT:  Yes, your Honor.
15              THE COURT:  Did your attorney explain it to you?
16              THE DEFENDANT:  Yes, your Honor.
17              THE COURT:  Do you understand that you have an
18   absolute right to have this proceeding before an Article III
19   district judge?
20              THE DEFENDANT:  Yes, your Honor.
21              THE COURT:  And you are voluntarily proceeding before
22   a United States magistrate judge?
23              THE DEFENDANT:  Yes, your Honor.
24              THE COURT:  Mr. Paltzer, you are charged in a one-
25   count information, S1 13 Cr. 282.  This information charges you
```

1    with a violation of Title 18, United States Code, section 371.
2    The charge carries a maximum sentence of 5 years' imprisonment,
3    a maximum term of 3 years' supervised release, a maximum fine
4    which is the greatest of either $250,000 or twice the gross
5    pecuniary gain derived from the offense or twice the gross
6    pecuniary loss to persons other than yourself as a result of
7    the offense.  There is a mandatory $100 special assessment.
8            In addition, the court shall order restitution in
9    accordance with the United States Code.  Do you understand
10   these penalties as I have read them to you?
11           THE DEFENDANT:  Yes, your Honor.
12           THE COURT:  Do you also understand that if you are
13   sentenced to any period of supervised release and violate the
14   conditions of your supervised release, you may be sentenced to
15   all or part of the term of supervised release without any
16   credit for time already served?
17           THE DEFENDANT:  Yes, your Honor.
18           THE COURT:  Mr. Paltzer, are you a citizen of the
19   United States?
20           THE DEFENDANT:  Yes, your Honor.
21           THE COURT:  Mr. Paltzer, have you seen a copy of the
22   information in which the government makes these charges against
23   you?
24           THE DEFENDANT:  Yes, your Honor.
25           THE COURT:  Have you reviewed the information with

1  your attorney?
2              THE DEFENDANT:  Yes, your Honor.
3              THE COURT:  Do you understand that the charges
4  essentially accuse you of conspiracy to commit tax fraud?
5              THE DEFENDANT:  Yes, your Honor.
6              THE COURT:  Have you had enough time to discuss with
7  your attorney how you are to plead?
8              THE DEFENDANT:  Yes.
9              THE COURT:  And you are prepared to enter a plea
10 today?
11             THE DEFENDANT:  Yes, your Honor.
12             THE COURT:  Edgar Paltzer, how do you plead?
13             THE DEFENDANT:  I plead guilty, your Honor.
14             THE COURT:  Mr. Paltzer, before I can recommend that
15 your plea be accepted, I must determine that you understand the
16 plea and its consequences, that the plea is voluntary, and that
17 there is a factual basis for the plea.  For that purpose I must
18 ask you a number of questions and your answers must be under
19 oath.  Do you understand that the answers you give under oath
20 may subject you to prosecution for perjury if you do not tell
21 the truth?
22             THE DEFENDANT:  Yes, your Honor.
23             (Defendant sworn)
24             THE COURT:  Please state your full name for the
25 record.

1    THE DEFENDANT:  Paltzer is the last name,
2    P-A-L-T-Z-E-R.  First given name, Edgar.  Middle name Henri,
3    H-E-N-R-I.
4    THE COURT:  What is your date of birth, Mr. Paltzer?
5    THE DEFENDANT:  May 21, 1956.
6    THE COURT:  How far did you go in school.
7    THE DEFENDANT:  I graduated university.
8    THE COURT:  You have a equivalent of a Bachelor's?
9    THE DEFENDANT:  I have the equivalent of a Bachelor's
10   degree and equivalent of a Ph.D.
11   THE COURT:  So you also got a doctorate?
12   THE DEFENDANT:  Yes, your Honor.
13   THE COURT:  Are you currently being treated by a
14   doctor or psychiatrist for any reason?
15   THE DEFENDANT:  No, your Honor.
16   THE COURT:  Have you ever been treated for alcoholism
17   or drug addiction?
18   THE DEFENDANT:  No, your Honor.
19   THE COURT:  Have you taken any medications in the last
20   24 hours?
21   THE DEFENDANT:  Yes, against a cold.
22   THE COURT:  Was that over-the-counter, or what was it?
23   THE DEFENDANT:  It was aspirin.
24   MR. OSTRANDER:  Aspirin.
25   THE COURT:  Are you feeling all right today?

1   THE DEFENDANT:  Yes, your Honor.
2   THE COURT:  Are you having any difficulty seeing,
3   hearing, or understanding any of these proceedings?
4   THE DEFENDANT:  No, your Honor.
5   THE COURT:  Have you had enough time to discuss with
6   your attorney how you wish to plead?
7   THE DEFENDANT:  Yes, your Honor.
8   THE COURT:  Are you satisfied with your attorney?
9   THE DEFENDANT:  Yes, your Honor.
10  THE COURT:  Do you understand what the government says
11  that you did?
12  THE DEFENDANT:  Yes, your Honor.
13  THE COURT:  Do you understand that you have a right to
14  plead not guilty?
15  THE DEFENDANT:  Yes, your Honor.
16  THE COURT:  Do you understand that you have a right to
17  a trial by jury on these charges?
18  THE DEFENDANT:  Yes, your Honor.
19  THE COURT:  Do you understand that if you were to
20  plead not guilty and go to trial, you would be innocent until
21  the government proved your guilt beyond a reasonable doubt?
22  THE DEFENDANT:  Yes, your Honor.
23  THE COURT:  Do you understand that at trial you would
24  have a number of important constitutional rights?
25  THE DEFENDANT:  Yes, your Honor.

1            THE COURT:  Do you understand that those rights
2   include the right to be represented by counsel and to have
3   counsel appointed for you if you cannot afford an attorney?
4            THE DEFENDANT:  Yes, your Honor.
5            THE COURT:  Do you understand that you would have a
6   right to an attorney at every stage of the criminal
7   proceedings?
8            THE DEFENDANT:  Yes, your Honor.
9            THE COURT:  Do you understand that at trial you cannot
10  be forced to testify against yourself?
11           THE DEFENDANT:  Yes, your Honor.
12           THE COURT:  Do you understand that at trial you would
13  have the right to confront and cross-examine witnesses called
14  by the government?
15           THE DEFENDANT:  Yes, your Honor.
16           THE COURT:  Do you understand that at trial you would
17  have the right to testify yourself and to call witnesses on
18  your behalf and to compel their attendance by subpoena if
19  necessary?
20           THE DEFENDANT:  Yes, your Honor.
21           THE COURT:  Do you understand that if your guilty plea
22  is accepted, there will be no trial of any kind, and the only
23  remaining steps in your case will be a pre-sentence report and
24  sentencing by Judge Marrero?
25           THE DEFENDANT:  Yes, your Honor.

1    THE COURT:  Have you discussed with your attorney the
2 role that the sentencing guidelines play at sentencing?
3    THE DEFENDANT:  Yes, your Honor.
4    THE COURT:  Do you understand that there will be a
5 calculation in your case under the guidelines?
6    THE DEFENDANT:  Yes, your Honor.
7    THE COURT:  Do you understand that that calculation
8 will take into account a number of factors, including the
9 actual conduct in which you engaged, any victims of the
10 offense, the role that you played in the offense, whether or
11 not you have accepted responsibility for your acts, whether you
12 have any criminal history, and whether you have engaged in any
13 obstruction of justice?
14    THE DEFENDANT:  Yes, your Honor.
15    THE COURT:  Have those factors been explained to you
16 by your attorney?
17    THE DEFENDANT:  Yes, your Honor.
18    THE COURT:  Between now and the date of sentencing,
19 the probation department will conduct an investigation and will
20 prepare a pre-sentence report.  Your attorney, the government,
21 and Judge Marrero will receive copies.  Both your attorney and
22 the government will have the opportunity to object if they
23 believe anything in the report is inaccurate.  Do you
24 understand that?
25    THE DEFENDANT:  Yes, your Honor.

```
 1              THE COURT:  Do you understand that until the
 2   pre-sentence report is prepared, neither your attorney nor the
 3   government nor Judge Marrero will be able to determine
 4   precisely what range of penalty will be calculated in your case
 5   under the guidelines?
 6              THE DEFENDANT:  Yes, your Honor.
 7              THE COURT:  Do you understand that whatever the range
 8   under the guidelines, your sentence cannot exceed the maximums
 9   that I advised you earlier?
10              THE DEFENDANT:  Yes, your Honor.
11              THE COURT:  Do you understand that whatever the range
12   under the guidelines, Judge Marrero will still retain
13   discretion as to the active penalty to be imposed in your case?
14              THE DEFENDANT:  Yes, your Honor.
15              THE COURT:  Do you understand that in addition to the
16   guidelines, Judge Marrero will also consider the factors that
17   are set forth in 18 United States Code section 3553(a)?
18              THE DEFENDANT:  Yes, your Honor.
19              THE COURT:  Have those factors been explained to you
20   by your attorney?
21              THE DEFENDANT:  Yes, your Honor.
22              THE COURT:  Do you understand that under certain
23   circumstances both you and the government may have a right to
24   appeal the sentence imposed?
25              THE DEFENDANT:  Yes, your Honor.
```

D8crpap1p                                                                12
Case 1:13-cr-00282-VM   Document 15   Filed 08/28/13   Page 12 of 19

```
 1              THE COURT:  Do you understand that if the sentence is
 2   more severe than you expected, you will be bound by your guilty
 3   plea and will not be permitted to withdraw it?
 4              THE DEFENDANT:  Yes, your Honor.
 5              THE COURT:  Do you understand that parole has been
 6   abolished and that if you are sentenced to any period of
 7   imprisonment, you will be required to serve the entire term?
 8              THE DEFENDANT:  Yes, your Honor.
 9              THE COURT:  Mr. Paltzer, I have been handed up a plea
10   agreement in your case.  Did you review this agreement with
11   your attorney?
12              THE DEFENDANT:  Yes, your Honor.
13              THE COURT:  Did he go over the provisions with you?
14              THE DEFENDANT:  Yes, your Honor.
15              THE COURT:  You signed it?
16              THE DEFENDANT:  Yes, your Honor.
17              THE COURT:  Do you understand that the plea agreement
18   requires that you provide certain assistance to the government?
19              THE DEFENDANT:  Yes, your Honor.
20              THE COURT:  Do you understand that in exchange for the
21   assistance, the government has indicated that it may file a
22   motion on your behalf pursuant to section 5K1.1 of the
23   guidelines?
24              THE DEFENDANT:  Yes, your Honor.
25              THE COURT:  Do you understand that if the government
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1  decides that it will not file a motion on your behalf, you will
2  not be allowed to withdraw your plea?
3           THE DEFENDANT:  Yes, your Honor.
4           THE COURT:  Do you understand that even if the
5  government files a motion on your behalf, Judge Marrero will
6  still have discretion as to the penalties to be imposed in your
7  case?
8           THE DEFENDANT:  Yes, your Honor.
9           THE COURT:  Other than what is contained in the plea
10 agreement, have any promises been made to you by anyone to
11 influence you to plead guilty?
12          THE DEFENDANT:  No.
13          THE COURT:  Has anyone promised you specific sentence
14 if you plead guilty?
15          THE DEFENDANT:  No, your Honor.
16          THE COURT:  Has anyone made any threats against you to
17 influence you to plead guilty?
18          THE DEFENDANT:  No, your Honor.
19          THE COURT:  Are you making this plea voluntarily, that
20 is, of your own free will and choice?
21          THE DEFENDANT:  Yes, your Honor.
22          THE COURT:  Elements of the offense.
23          MR. COWLEY:  Your Honor, the offense charged in the
24 information has three elements.  First, that the conspiracy
25 charged in the information existed, that is, that there was an

1   agreement or understanding between certain U.S. taxpayers and
2   others to commit federal crimes, in this case to defraud the
3   IRS to evade taxes due and owing and to file false tax returns.
4           The second element is that the defendant, Mr. Paltzer,
5   knowingly became a member of that conspiracy.
6           The third element, your Honor, is that a member of
7   that conspiracy committed an overt act in furtherance of that
8   conspiracy.
9           THE COURT:  Thank you.
10          Mr. Paltzer, did you hear the elements of the offense
11  with which you have been charged?
12          THE DEFENDANT:  Yes, your Honor.
13          THE COURT:  Do you understand that if the government
14  were to proceed to trial against you, it would have the burden
15  of proving each and every element of this offense beyond a
16  reasonable doubt?
17          THE DEFENDANT:  Yes, your Honor.
18          THE COURT:  Mr. Paltzer, did you commit the offense
19  with which you have been charged?
20          THE DEFENDANT:  Yes, your Honor.
21          THE COURT:  Tell me what you did.
22          THE DEFENDANT:  From 2000 through 2012 I acted as a
23  financial intermediary and I provided financial intermediary
24  services.  These services included the formation and the
25  administration of foreign and domestic entities, including

corporations and foundations and providing services on private banking matters. I provided these services to individuals from numerous countries, including to persons who were citizens and residents of the United States. I did so in exchange for fees.

From 2000 through 2012, working with others in the Swiss financial industry, I assisted U.S. taxpayers in evading the U.S. tax obligations of these U.S. taxpayers and in filing false tax returns with the IRS. In furtherance of my agreement with these U.S. taxpayers, but acting in what I believed to be in accordance with and not in violation of Swiss law, I formed and administered various corporations and foundations.

I also opened accounts at banks in Switzerland in the name of the entities which I had formed for U.S. taxpayers, without completing W-9 tax disclosure forms which would have disclosed the U.S. taxpayer's interest in the bank accounts. I was aware that by forming these entities, that forms W-9 would not be prepared and that the IRS would not be made aware of the income earned in these bank accounts.

These bank accounts allowed for the evasion of U.S. taxes and ultimately resulted in the filing of false U.S. tax returns. At all relevant times I was aware that certain U.S. taxpayers were maintaining through the entities which I set up non-W-9 accounts at banks in Switzerland in order to evade their U.S. tax obligations in violation of U.S. law.

I was aware that U.S. taxpayers had a legal duty to

1    report to the IRS and pay taxes on the basis of their worldwide

2    income, including income earned in accounts that these U.S.

3    taxpayers opened in Switzerland.  Despite being aware of this

4    legal duty, I intentionally formed foundations and corporations

5    which permitted these U.S. taxpayers to hide from the IRS these

6    accounts and the income earned in these accounts, to file false

7    U.S. income tax returns that did not report these non-W-9

8    accounts and the income earned in the accounts, and by doing so

9    I assisted these taxpayers in violating their legal duties.  I

10   was aware that this conduct was wrong.

11             One or more of the U.S. taxpayers who conspired with

12   me lived or worked in the Southern District of New York when we

13   engaged in these activities.  I met with at least one such

14   taxpayer in Manhattan, where we discussed his entity holding

15   the undeclared Swiss bank account.

16             I also communicated by email in September 2008 with

17   another U.S. taxpayer and referred at her request to checks

18   delivered to the U.S. taxpayer from her undisclosed Swiss bank

19   account as postcards in order to help her hide the true nature

20   of the communication.

21             I knew that the U.S. taxpayers who were making use of

22   my services were doing so to evade U.S. taxes and that they

23   were filing false tax returns.  Knowing my conduct was in

24   violation of U.S. law, I nevertheless agreed with the U.S.

25   taxpayers to help them commit these crimes.

1          THE COURT:  I would say that is sufficient.

2          MR. COWLEY:  It is, your Honor.

3          To summarize a few additional facts for the record, Mr. Paltzer was formerly a partner at a law firm in Switzerland.  As part of what he did professionally, he provided financial intermediary services, including to U.S. taxpayers.  In acting in that capacity as a financial intermediary, Mr. Paltzer helped dozens of U.S. taxpayers maintain undeclared accounts in Switzerland, and these accounts in aggregate contained millions and millions of dollars in undeclared assets.

12          When certain banks in Switzerland made the decision to no longer maintain accounts for U.S. taxpayers with undeclared accounts, Paltzer worked with U.S. taxpayers and others in the Swiss financial industry to move these accounts to other Swiss banks that were still willing to maintain these accounts for U.S. taxpayers.

18          THE COURT:  One final thing with regard to this, Mr. Paltzer, just so you can affirm on the record, since you are reading from a prepared text, you understood everything that you read, is that correct?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Does either counsel know of any reason why I should not recommend this plea?

25          MR. COWLEY:  Nothing from the government, your Honor.

1     MR. OSTRANDER:  Nothing from the defense, your Honor.

2     THE COURT:  Based on the defendant's allocution, I
3  find that he understands the nature of the charges and the
4  consequences of his guilty plea.  I also find that the plea is
5  voluntary and that there is a factual basis for the plea.  I
6  therefore recommend that the plea be accepted and direct that a
7  pre-sentence report be prepared.

8     Sentencing will take place before Judge Marrero.  What
9  is the story with that?

10    MR. COWLEY:  Your Honor, we have a control date for
11 that of February 21st at 10 a.m.

12    THE COURT:  Did you say February?

13    MR. OSTRANDER:  February 21st at 10 a.m., yes, your
14 Honor.

15    THE COURT:  February of?

16    MR. COWLEY:  2014.  Your Honor, also, I don't think it
17 is necessary at this time to have a pre-sentence report ordered
18 prepared.

19    THE COURT:  Considering the date of the sentence, I
20 think we might be able to delay that.  So even though I have
21 said that, obviously there is no hurry.

22    MR. COWLEY:  A few other items, your Honor.  One
23 request is that the plea agreement here today be marked as
24 Court Exhibit 1.  I would also note for the record that in the
25 plea agreement it includes that as part of the restitution that

1    Mr. Paltzer will pay, he is disgorge any fees that were earned
2    by committing the acts alleged in the criminal information.
3              Finally, your Honor, as I mentioned in Mr. Paltzer's
4    presentment, Mr. Paltzer has access to, in fact controls
5    access, to certain vaults located in Zurich, Switzerland, that
6    contain assets of U.S. taxpayers.  We discussed the entrance of
7    an order prohibiting Mr. Paltzer and his wife and any agents of
8    Mr. Paltzer from accessing those vaults or from providing
9    anyone else access to those vaults.  We, pursuant to the
10   Court's order, will be putting in a redacted version of that
11   order on the docket shortly after this hearing.
12             THE COURT:  All right.  Thank you.
13             Is there anything else?
14             MR. OSTRANDER:  Not from the defense, your Honor.
15             MR. COWLEY:  Nothing from the government, your Honor.
16             THE COURT:  Then we are adjourned.
17             (Adjourned)
18
19
20
21
22
23
24
25