UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :        ORDER
                                 :
            - v. -               :        S1 13 Cr. 282 (VM)
                                 :
EDGAR PALTZER,                   :
                                 :
            Defendant.           :
- - - - - - - - - - - - - - - - x

        WHEREAS, with the defendant's consent, his guilty plea

allocution was made before a United States Magistrate Judge on

August 16, 2013;

        WHEREAS, a transcript of the allocution was made and

thereafter was transmitted to the District Court; and

        WHEREAS, upon review of that transcript, this Court has

determined that the defendant entered the guilty plea knowingly

and voluntarily and that there was a factual basis for the guilty

plea;

        IT IS HEREBY ORDERED that the defendant's guilty plea

is accepted.

SO ORDERED:

Dated:     New York, New York
           11 September 2013


                                THE HONORABLE VICTOR MARRERO
                                UNITED STATES DISTRICT JUDGE

D8grpalp                                                    1

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA

4              v.                       13 Cr. 282 (VM)

5    EDGAR PALTZER,
                                        Plea
6                   Defendant.

7    ------------------------------x

8                                       New York, N.Y.
                                        August 16, 2013
9                                       10:35 a.m.

10   Before:

11          HON. RONALD L. ELLIS

12                                      Magistrate Judge

13                  APPEARANCES

14

15

16   PREET BHARARA
          United States Attorney for the
17        Southern District of New York
     JASON H. COWLEY
18   DANIEL LEVY
          Assistant United States Attorneys
19

20   THOMAS W. OSTRANDER
          Attorney for Defendant
21

22

23

24

25

D8grpalp                                                                    2

1              (Case called)

2              THE CLERK:  All counsel please identify yourselves for

3     the record.

4              MR. COWLEY:  Good morning, your Honor.   Jason Cowley

5     for the government.  With me is my colleague Dan Levy and agent

6     Kellen working with the IRS.

7              THE COURT:  Good morning.

8              MR. OSTRANDER:  Thomas Ostrander on behalf of the

9     defendant Edgar Paltzer.

10             THE COURT:  Good morning.

11             THE CLERK:  Mr. Ostrander, please have your client

12    stand.  You are Edgar Paltzer?

13             THE DEFENDANT:  Yes.

14             THE CLERK:  Have you signed this waiver of indictment?

15             THE DEFENDANT:  Yes.

16             THE CLERK:  Before you signed it, did you discuss it

17    with your attorney?

18             THE DEFENDANT:  Yes.

19             THE CLERK:  Did your attorney explain it to you?

20             THE DEFENDANT:  Yes.

21             THE CLERK:  Do you understand what you are doing?

22             THE DEFENDANT:  Yes.

23             THE CLERK:  Do you understand that you are under no

24    obligation to waive indictment?

25             THE DEFENDANT:  Yes.

D8grpalp                                                                                    3

1          THE CLERK:  Do you understand that if you do not waive

2    indictment, if the government wants to prosecute you, they will

3    have to present this case to a grand jury, which may or may not

4    indict you?

5          THE DEFENDANT:  Yes.

6          THE CLERK:  Do you understand that by signing this

7    waiver of indictment, you have given up your right to have this

8    case presented to a grand jury?

9          THE DEFENDANT:  Yes.

10         THE CLERK:  Do you understand what a grand jury is?

11         THE DEFENDANT:  Yes.

12         THE CLERK:  Have you seen a copy of this information?

13         THE DEFENDANT:  Yes.

14         THE CLERK:  Do you waive its public reading?

15         THE DEFENDANT:  Yes.

16         THE CLERK:  Mr. Edgar Paltzer, how do you plead as to

17   S1 13 Cr. 282, Count One?

18         THE DEFENDANT:  Not guilty.

19         THE CLERK:  Thank you.  Please be seated.

20         Mr. Cowley, I understand that the case has been

21   referred by Judge Marrero so that Mr. Paltzer could withdraw

22   his previously entered plea of not guilty and proceed before a

23   magistrate judge for the purpose of entering a plea to Count

24   One of the information.

25         MR. COWLEY:  That is correct, your Honor.

D8grpalp                                                                      4

1          THE COURT:  Mr. Paltzer, I'm Judge Ellis.  The case

2     has been referred to me by Judge Marrero for the purpose of

3     taking your plea.  Has the process been explained to you?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Did you sign a consent to proceed before a

6     United States magistrate judge on your felony plea allocution?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  Before you signed it, did you discuss it

9     with your attorney?  Let me ask you again, Mr. Paltzer, did you

10    sign a consent to proceed.

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Before you signed it, did you discuss it

13    with your attorney?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  Did your attorney explain it to you?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Do you understand that you have an

18    absolute right to have this proceeding before an Article III

19    district judge?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  And you are voluntarily proceeding before

22    a United States magistrate judge?

23         THE DEFENDANT:  Yes, your Honor.

24         THE COURT:  Mr. Paltzer, you are charged in a one-

25    count information, S1 13 Cr. 282.  This information charges you

1    with a violation of Title 18, United States Code, section 371.

2    The charge carries a maximum sentence of 5 years' imprisonment,

3    a maximum term of 3 years' supervised release, a maximum fine

4    which is the greatest of either $250,000 or twice the gross

5    pecuniary gain derived from the offense or twice the gross

6    pecuniary loss to persons other than yourself as a result of

7    the offense.   There is a mandatory $100 special assessment.

8              In addition, the court shall order restitution in

9    accordance with the United States Code.  Do you understand

10   these penalties as I have read them to you?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Do you also understand that if you are

13   sentenced to any period of supervised release and violate the

14   conditions of your supervised release, you may be sentenced to

15   all or part of the term of supervised release without any

16   credit for time already served?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  Mr. Paltzer, are you a citizen of the

19   United States?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  Mr. Paltzer, have you seen a copy of the

22   information in which the government makes these charges against

23   you?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  Have you reviewed the information with

D8grpalp                                                                6

1    your attorney?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Do you understand that the charges

4    essentially accuse you of conspiracy to commit tax fraud?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Have you had enough time to discuss with

7    your attorney how you are to plead?

8              THE DEFENDANT:  Yes.

9              THE COURT:  And you are prepared to enter a plea

10   today?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Edgar Paltzer, how do you plead?

13             THE DEFENDANT:  I plead guilty, your Honor.

14             THE COURT:  Mr. Paltzer, before I can recommend that

15   your plea be accepted, I must determine that you understand the

16   plea and its consequences, that the plea is voluntary, and that

17   there is a factual basis for the plea.  For that purpose I must

18   ask you a number of questions and your answers must be under

19   oath.  Do you understand that the answers you give under oath

20   may subject you to prosecution for perjury if you do not tell

21   the truth?

22             THE DEFENDANT:  Yes, your Honor.

23             (Defendant sworn)

24             THE COURT:  Please state your full name for the

25   record.

1            THE DEFENDANT:  Paltzer is the last name,

2   P-A-L-T-Z-E-R.  First given name, Edgar.  Middle name Henri,

3   H-E-N-R-I.

4            THE COURT:  What is your date of birth, Mr. Paltzer?

5            THE DEFENDANT:  ████████ 1956.

6            THE COURT:  How far did you go in school.

7            THE DEFENDANT:  I graduated university.

8            THE COURT:  You have a equivalent of a Bachelor's?

9            THE DEFENDANT:  I have the equivalent of a Bachelor's

10  degree and equivalent of a Ph.D.

11           THE COURT:  So you also got a doctorate?

12           THE DEFENDANT:  Yes, your Honor.

13           THE COURT:  Are you currently being treated by a

14  doctor or psychiatrist for any reason?

15           THE DEFENDANT:  No, your Honor.

16           THE COURT:  Have you ever been treated for alcoholism

17  or drug addiction?

18           THE DEFENDANT:  No, your Honor.

19           THE COURT:  Have you taken any medications in the last

20  24 hours?

21           THE DEFENDANT:  Yes, against a cold.

22           THE COURT:  Was that over-the-counter, or what was it?

23           THE DEFENDANT:  It was aspirin.

24           MR. OSTRANDER:  Aspirin.

25           THE COURT:  Are you feeling all right today?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Are you having any difficulty seeing,

3    hearing, or understanding any of these proceedings?

4          THE DEFENDANT:  No, your Honor.

5          THE COURT:  Have you had enough time to discuss with

6    your attorney how you wish to plead?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  Are you satisfied with your attorney?

9          THE DEFENDANT:  Yes, your Honor.

10         THE COURT:  Do you understand what the government says

11   that you did?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  Do you understand that you have a right to

14   plead not guilty?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  Do you understand that you have a right to

17   a trial by jury on these charges?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  Do you understand that if you were to

20   plead not guilty and go to trial, you would be innocent until

21   the government proved your guilt beyond a reasonable doubt?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  Do you understand that at trial you would

24   have a number of important constitutional rights?

25         THE DEFENDANT:  Yes, your Honor.

D8grpalp                                                              9

1          THE COURT:  Do you understand that those rights

2    include the right to be represented by counsel and to have

3    counsel appointed for you if you cannot afford an attorney?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Do you understand that you would have a

6    right to an attorney at every stage of the criminal

7    proceedings?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Do you understand that at trial you cannot

10   be forced to testify against yourself?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Do you understand that at trial you would

13   have the right to confront and cross-examine witnesses called

14   by the government?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  Do you understand that at trial you would

17   have the right to testify yourself and to call witnesses on

18   your behalf and to compel their attendance by subpoena if

19   necessary?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  Do you understand that if your guilty plea

22   is accepted, there will be no trial of any kind, and the only

23   remaining steps in your case will be a pre-sentence report and

24   sentencing by Judge Marrero?

25         THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  Have you discussed with your attorney the

2     role that the sentencing guidelines play at sentencing?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  Do you understand that there will be a

5     calculation in your case under the guidelines?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Do you understand that that calculation

8     will take into account a number of factors, including the

9     actual conduct in which you engaged, any victims of the

10    offense, the role that you played in the offense, whether or

11    not you have accepted responsibility for your acts, whether you

12    have any criminal history, and whether you have engaged in any

13    obstruction of justice?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  Have those factors been explained to you

16    by your attorney?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  Between now and the date of sentencing,

19    the probation department will conduct an investigation and will

20    prepare a pre-sentence report.  Your attorney, the government,

21    and Judge Marrero will receive copies.  Both your attorney and

22    the government will have the opportunity to object if they

23    believe anything in the report is inaccurate.  Do you

24    understand that?

25         THE DEFENDANT:  Yes, your Honor.

1            THE COURT:  Do you understand that until the

2    pre-sentence report is prepared, neither your attorney nor the

3    government nor Judge Marrero will be able to determine

4    precisely what range of penalty will be calculated in your case

5    under the guidelines?

6            THE DEFENDANT:  Yes, your Honor.

7            THE COURT:  Do you understand that whatever the range

8    under the guidelines, your sentence cannot exceed the maximums

9    that I advised you earlier?

10           THE DEFENDANT:  Yes, your Honor.

11           THE COURT:  Do you understand that whatever the range

12   under the guidelines, Judge Marrero will still retain

13   discretion as to the active penalty to be imposed in your case?

14           THE DEFENDANT:  Yes, your Honor.

15           THE COURT:  Do you understand that in addition to the

16   guidelines, Judge Marrero will also consider the factors that

17   are set forth in 18 United States Code section 3553(a)?

18           THE DEFENDANT:  Yes, your Honor.

19           THE COURT:  Have those factors been explained to you

20   by your attorney?

21           THE DEFENDANT:  Yes, your Honor.

22           THE COURT:  Do you understand that under certain

23   circumstances both you and the government may have a right to

24   appeal the sentence imposed?

25           THE DEFENDANT:  Yes, your Honor.

D8grpalp                                                          12

1          THE COURT:  Do you understand that if the sentence is

2    more severe than you expected, you will be bound by your guilty

3    plea and will not be permitted to withdraw it?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Do you understand that parole has been

6    abolished and that if you are sentenced to any period of

7    imprisonment, you will be required to serve the entire term?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Mr. Paltzer, I have been handed up a plea

10   agreement in your case.  Did you review this agreement with

11   your attorney?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  Did he go over the provisions with you?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  You signed it?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Do you understand that the plea agreement

18   requires that you provide certain assistance to the government?

19         THE DEFENDANT:  Yes, your Honor.

20         THE COURT:  Do you understand that in exchange for the

21   assistance, the government has indicated that it may file a

22   motion on your behalf pursuant to section 5K1.1 of the

23   guidelines?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  Do you understand that if the government

1  decides that it will not file a motion on your behalf, you will

2  not be allowed to withdraw your plea?

3        THE DEFENDANT:  Yes, your Honor.

4        THE COURT:  Do you understand that even if the

5  government files a motion on your behalf, Judge Marrero will

6  still have discretion as to the penalties to be imposed in your

7  case?

8        THE DEFENDANT:  Yes, your Honor.

9        THE COURT:  Other than what is contained in the plea

10  agreement, have any promises been made to you by anyone to

11  influence you to plead guilty?

12        THE DEFENDANT:  No.

13        THE COURT:  Has anyone promised you specific sentence

14  if you plead guilty?

15        THE DEFENDANT:  No, your Honor.

16        THE COURT:  Has anyone made any threats against you to

17  influence you to plead guilty?

18        THE DEFENDANT:  No, your Honor.

19        THE COURT:  Are you making this plea voluntarily, that

20  is, of your own free will and choice?

21        THE DEFENDANT:  Yes, your Honor.

22        THE COURT:  Elements of the offense.

23        MR. COWLEY:  Your Honor, the offense charged in the

24  information has three elements.  First, that the conspiracy

25  charged in the information existed, that is, that there was an

D8grpalp                                                                14

1   agreement or understanding between certain U.S. taxpayers and

2   others to commit federal crimes, in this case to defraud the

3   IRS to evade taxes due and owing and to file false tax returns.

4          The second element is that the defendant, Mr. Paltzer,

5   knowingly became a member of that conspiracy.

6          The third element, your Honor, is that a member of

7   that conspiracy committed an overt act in furtherance of that

8   conspiracy.

9          THE COURT:  Thank you.

10         Mr. Paltzer, did you hear the elements of the offense

11  with which you have been charged?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  Do you understand that if the government

14  were to proceed to trial against you, it would have the burden

15  of proving each and every element of this offense beyond a

16  reasonable doubt?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  Mr. Paltzer, did you commit the offense

19  with which you have been charged?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  Tell me what you did.

22         THE DEFENDANT:  From 2000 through 2012 I acted as a

23  financial intermediary and I provided financial intermediary

24  services.  These services included the formation and the

25  administration of foreign and domestic entities, including

1  corporations and foundations and providing services on private

2  banking matters.  I provided these services to individuals from

3  numerous countries, including to persons who were citizens and

4  residents of the United States.  I did so in exchange for fees.

5        From 2000 through 2012, working with others in the

6  Swiss financial industry, I assisted U.S. taxpayers in evading

7  the U.S. tax obligations of these U.S. taxpayers and in filing

8  false tax returns with the IRS.  In furtherance of my agreement

9  with these U.S. taxpayers, but acting in what I believed to be

10 in accordance with and not in violation of Swiss law, I formed

11 and administered various corporations and foundations.

12       I also opened accounts at banks in Switzerland in the

13 name of the entities which I had formed for U.S. taxpayers,

14 without completing W-9 tax disclosure forms which would have

15 disclosed the U.S. taxpayer's interest in the bank accounts.  I

16 was aware that by forming these entities, that forms W-9 would

17 not be prepared and that the IRS would not be made aware of the

18 income earned in these bank accounts.

19       These bank accounts allowed for the evasion of U.S.

20 taxes and ultimately resulted in the filing of false U.S. tax

21 returns.  At all relevant times I was aware that certain U.S.

22 taxpayers were maintaining through the entities which I set up

23 non-W-9 accounts at banks in Switzerland in order to evade

24 their U.S. tax obligations in violation of U.S. law.

25       I was aware that U.S. taxpayers had a legal duty to

1  report to the IRS and pay taxes on the basis of their worldwide

2  income, including income earned in accounts that these U.S.

3  taxpayers opened in Switzerland.  Despite being aware of this

4  legal duty, I intentionally formed foundations and corporations

5  which permitted these U.S. taxpayers to hide from the IRS these

6  accounts and the income earned in these accounts, to file false

7  U.S. income tax returns that did not report these non-W-9

8  accounts and the income earned in the accounts, and by doing so

9  I assisted these taxpayers in violating their legal duties.  I

10  was aware that this conduct was wrong.

11       One or more of the U.S. taxpayers who conspired with

12  me lived or worked in the Southern District of New York when we

13  engaged in these activities.  I met with at least one such

14  taxpayer in Manhattan, where we discussed his entity holding

15  the undeclared Swiss bank account.

16       I also communicated by email in September 2008 with

17  another U.S. taxpayer and referred at her request to checks

18  delivered to the U.S. taxpayer from her undisclosed Swiss bank

19  account as postcards in order to help her hide the true nature

20  of the communication.

21       I knew that the U.S. taxpayers who were making use of

22  my services were doing so to evade U.S. taxes and that they

23  were filing false tax returns.  Knowing my conduct was in

24  violation of U.S. law, I nevertheless agreed with the U.S.

25  taxpayers to help them commit these crimes.

1          THE COURT:  I would say that is sufficient.

2          MR. COWLEY:  It is, your Honor.

3          To summarize a few additional facts for the record,

4    Mr. Paltzer was formerly a partner at a law firm in

5    Switzerland.  As part of what he did professionally, he

6    provided financial intermediary services, including to U.S.

7    taxpayers.  In acting in that capacity as a financial

8    intermediary, Mr. Paltzer helped dozens of U.S. taxpayers

9    maintain undeclared accounts in Switzerland, and these accounts

10   in aggregate contained millions and millions of dollars in

11   undeclared assets.

12         When certain banks in Switzerland made the decision to

13   no longer maintain accounts for U.S. taxpayers with undeclared

14   accounts, Paltzer worked with U.S. taxpayers and others in the

15   Swiss financial industry to move these accounts to other Swiss

16   banks that were still willing to maintain these accounts for

17   U.S. taxpayers.

18         THE COURT:  One final thing with regard to this, Mr.

19   Paltzer, just so you can affirm on the record, since you are

20   reading from a prepared text, you understood everything that

21   you read, is that correct?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  Does either counsel know of any reason why

24   I should not recommend this plea?

25         MR. COWLEY:  Nothing from the government, your Honor.

1          MR. OSTRANDER:  Nothing from the defense, your Honor.

2          THE COURT:  Based on the defendant's allocution, I

3   find that he understands the nature of the charges and the

4   consequences of his guilty plea.  I also find that the plea is

5   voluntary and that there is a factual basis for the plea.  I

6   therefore recommend that the plea be accepted and direct that a

7   pre-sentence report be prepared.

8          Sentencing will take place before Judge Marrero.  What

9   is the story with that?

10         MR. COWLEY:  Your Honor, we have a control date for

11  that of February 21st at 10 a.m.

12         THE COURT:  Did you say February?

13         MR. OSTRANDER:  February 21st at 10 a.m., yes, your

14  Honor.

15         THE COURT:  February of?

16         MR. COWLEY:  2014.  Your Honor, also, I don't think it

17  is necessary at this time to have a pre-sentence report ordered

18  prepared.

19         THE COURT:  Considering the date of the sentence, I

20  think we might be able to delay that.  So even though I have

21  said that, obviously there is no hurry.

22         MR. COWLEY:  A few other items, your Honor.  One

23  request is that the plea agreement here today be marked as

24  Court Exhibit 1.  I would also note for the record that in the

25  plea agreement it includes that as part of the restitution that

1   Mr. Paltzer will pay, he is disgorge any fees that were earned

2   by committing the acts alleged in the criminal information.

3           Finally, your Honor, as I mentioned in Mr. Paltzer's

4   presentment, Mr. Paltzer has access to, in fact controls

5   access, to certain vaults located in Zurich, Switzerland, that

6   contain assets of U.S. taxpayers.  We discussed the entrance of

7   an order prohibiting Mr. Paltzer and his wife and any agents of

8   Mr. Paltzer from accessing those vaults or from providing

9   anyone else access to those vaults.  We, pursuant to the

10  Court's order, will be putting in a redacted version of that

11  order on the docket shortly after this hearing.

12          THE COURT:  All right.  Thank you.

13          Is there anything else?

14          MR. OSTRANDER:  Not from the defense, your Honor.

15          MR. COWLEY:  Nothing from the government, your Honor.

16          THE COURT:  Then we are adjourned.

17          (Adjourned)

18

19

20

21

22

23

24

25



**U.S. Department of Justice**



*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 15, 2013

Thomas W. Ostrander, Esq.
Duane Morris LLP
30 South 17th Street
Philadelphia, Pennsylvania  19103-4196

> Re:   United States v. Edgar Paltzer
>        S1 13 Cr. 282 (VM)

Dear Mr. Ostrander:

This prosecution and the protection against prosecution set forth below have been approved by the Tax Division, Department of Justice.

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Edgar Paltzer ("Paltzer" or the "defendant") to the above-referenced superseding Information (the "Information"). The Information charges the defendant with a violation of Title 18, United States Code, Section 371. This charge carries a maximum sentence of five years' imprisonment, a maximum term of 3 years' supervised release, a maximum fine under 18 U.S.C. § 3571(d) of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to the United States, and a mandatory $100 special assessment.

It is further understood that Paltzer shall make restitution in an amount to be specified by the Court in accordance with 18 U.S.C. §§ 3663, 3663A, and 3664. This amount shall be paid according to a plan established by the Court. The defendant understands and agrees that such restitution shall include the disgorgement of any fees generated from the criminal conduct charged in the Information, to be paid to the Internal Revenue Service (the "IRS").

It is understood that the defendant: (a) shall truthfully and completely disclose all information with respect to the activities of himself and others concerning all matters about which this Office inquires of him, which information can be used for any purpose; (b) shall cooperate fully with this Office, the IRS, and any other law enforcement agency designated by this Office; (c) shall attend all meetings at which this Office requests his presence; (d) shall provide to this Office, upon request, any document, record, or other tangible evidence relating to matters about which this Office or any designated law enforcement agency inquires of him; (e) shall truthfully testify before the grand jury and at any trial and other court proceeding with

Thomas W. Ostrander, Esq
August 15, 2013
Page 2

respect to any matters about which this Office may request his testimony; (f) shall bring to this Office's attention all crimes which he has committed, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which he has been or is a subject, target, party, or witness; and, (g) shall commit no further crimes whatsoever. Moreover, any assistance the defendant may provide to federal criminal investigators shall be pursuant to the specific instructions and control of this Office and designated investigators.

If the defendant fully complies with the understandings specified in this Agreement, he will not be further prosecuted criminally by this Office, and, with respect to tax offenses, the Tax Division, Department of Justice, for any crimes related to the conduct charged in the Information, to the extent that he has disclosed such participation to this Office as of the date of this Agreement. This Agreement does not provide any protection against prosecution for any crimes except as set forth above.

It is understood that, this Agreement does not bind any federal, state, or local prosecuting authority other than this Office and, to the extent set forth above, the Tax Division, Department of Justice. This Office will, however, bring the cooperation of the defendant to the attention of other prosecuting offices, if requested by him.

It is understood that the sentence to be imposed upon the defendant is within the sole discretion of the Court. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive, and will not recommend any specific sentence to the Court. However, this Office will inform the Probation Department and the Court of: (a) this Agreement; (b) the nature and extent of the defendant's activities with respect to this case and all other activities of the defendant which this Office deems relevant to sentencing; and (c) the nature and extent of the defendant's cooperation with this Office. In so doing, this Office may use any information it deems relevant, including information provided by the defendant both prior to and subsequent to the signing of this Agreement. In addition, if this Office determines that the defendant has provided substantial assistance in an investigation or prosecution, and if he has fully complied with the understandings specified in this Agreement, this Office will file a motion, pursuant to Section 5K1.1 of the Sentencing Guidelines, requesting that the Court sentence the defendant in light of the factors set forth in Section 5K1.1(a)(1)-(5). It is understood that, even if such a motion is filed, the sentence to be imposed on the defendant remains within the sole discretion of the Court. Moreover, nothing in this Agreement limits this Office's right to present any facts and make any arguments relevant to sentencing to the Probation Department and the Court, or to take any position on post-sentencing motions. The defendant hereby consents to such adjournments of his sentence as may be requested by this Office.

Thomas W. Ostrander, Esq
August 15, 2013
Page 3

It is understood that, should this Office determine that the defendant has not provided substantial assistance in an investigation or prosecution, or has violated any provision of this Agreement, such a determination will release this Office from any obligation to file a motion pursuant to Section 5K1.1 of the Sentencing Guidelines, but will not entitle the defendant to withdraw his guilty plea once it has been entered.

It is understood that, should this Office determine, subsequent to the filing of a motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e), that the defendant has violated any provision of this Agreement, this office shall have the right to withdraw such motion.

It is understood that, should the defendant commit any further crimes or should it be determined that he has given false, incomplete, or misleading testimony or information, or should he otherwise violate any provision of this Agreement, the defendant shall thereafter be subject to prosecution for any federal criminal violation of which this Office has knowledge, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is understood that in the event that it is determined that the defendant has committed any further crimes, given false, incomplete, or misleading testimony or information, or otherwise violated any provision of this Agreement: (a) all statements made by the defendant to this Office or other designated law enforcement agents, and any testimony given by the defendant before a grand jury or other tribunal, whether prior to or subsequent to the signing of this Agreement, and any leads from such statements or testimony shall be admissible in evidence in any criminal proceeding brought against the defendant; and (b) the defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule that such statements or any leads therefrom should be suppressed. It is the intent of this Agreement to waive all rights in the foregoing respects.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, Jencks Act material, exculpatory material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, and impeachment

Thomas W. Ostrander, Esq
August 15, 2013
Page 4

material pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if he is not a citizen of the United States, his guilty plea and conviction make it very likely that his deportation from the United States is presumptively mandatory and that, at a minimum, he is at risk of being deported or suffering other adverse immigration consequences. The defendant acknowledges that he has discussed the possible immigration consequences (including deportation) of his guilty plea and conviction with defense counsel. The defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction, even if those consequences include deportation from the United States. It is agreed that the defendant will have no right to withdraw his guilty plea based on any actual or perceived adverse immigration consequences (including deportation) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge his conviction or sentence on direct appeal, or through litigation under 28 U.S.C. §§ 2255 and/or 2241, on the basis of any actual or perceived adverse immigration consequences (including deportation) resulting from his guilty plea and conviction.

The defendant hereby consents to prosecution on the charge contained in the Information in the Southern District of New York and waives any right to challenge such prosecution on the basis of venue.

Thomas W. Ostrander, Esq
August 15, 2013
Page 5

This Agreement supersedes any prior understandings, promises, or conditions between this Office, the Tax Division, Department of Justice, and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

PREET BHARARA
United States Attorney

By: _____
Jason H. Cowley/Daniel W. Levy/
David B. Massey/Sarah Paul
Assistant United States Attorneys
Telephone: (212) 637-2479/1062/2283/2326

APPROVED:

_____
LORIN L. REISNER
Chief, Criminal Division

AGREED AND CONSENTED TO:

_____
Edgar Paltzer

_____
DATE   3/16/2013

APPROVED:

_____
Thomas W. Ostrander
Duane Morris LLP
Attorneys for Edgar Paltzer

_____
DATE   16 Aug 2013