# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Action No. 13 Cr. 282 (JSR) |
| v. ) | |
| ) | |
| STEFAN BUCK, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO QUASH ATTORNEY SUBPOENAS**

---

**KROVATIN KLINGEMAN LLC**
60 Park Place, Suite 1100
Newark, New Jersey 07102
(973) 424-9777

On the brief:

Henry E. Klingeman, Esq.
Helen A. Nau, Esq.

**PRELIMINARY STATEMENT**

Krovatin Klingeman LLC hereby moves to quash the trial subpoenas dated October 3, 2017, served on attorneys Henry E. Klingeman and Helen A. Nau (the "Attorney Subpoenas"), seeking their testimony and production of documents at trial on October 30, 2017.  See Attorney Subpoenas, Exhibit A, *Affirmation of Henry E. Klingeman in support of motion to quash attorney subpoenas*, dated October 19, 2017, ("*Klingeman Aff.*").  As set forth herein, the Attorney Subpoenas do not comport with the requirements of Fed. R. Crim. P. 17 (c) and they are improper.  They seek materials lacking evidentiary relevance, that are subject to privilege, and that are in the United States Attorney's possession.  Further, the Attorney Subpoenas are unreasonable and oppressive and seek to invade the attorney-client and work product privileges.  As such the Court should quash the Attorney Subpoenas in their entirety.

**Factual Background**

Krovatin Klingeman LLC attorneys Klingeman and Nau have represented Frey & Co. Administration AG, f/k/a Bank Frey & Co. AG (hereinafter, the "Client") in connection with an investigation by the United States Attorney for the Southern District of New York, since approximately 2012.  In connection with the Client's cooperation with the Government, the Client provided certain documents through counsel to the United States Attorney for the Southern District of New York on a confidential basis.

The Attorney Subpoenas demand that that attorneys Klingeman and Nau testify and bring with them and produce:

> Krovatin Klingeman LLC's January 15, 2013, February 12, 2013, and March 28, 2013 document productions to the United States Attorney's Office of the Southern District of New York on behalf of Bank Frey & Co. AG, along with the cover letters from Krovatin Klingeman LLC that accompanied each of these document productions.

See Attorney Subpoenas, *Klingeman Aff.*, Exhibit A,

Attorneys Klingeman and Nau received the Attorney Subpoenas by email while selecting a jury in the United State District Court of Delaware before the Honorable Richard Andrews. When their office contacted the Assistant United States Attorneys to ascertain the purpose of the Attorney Subpoenas, they were advised that the Government may seek to authenticate alleged foreign business records of the Client for evidentiary purposes at trial.  As set forth herein, the Attorney Subpoenas do not comport with the requirements of Fed. R. Crim. P. 17 (c) and they are improper.  The Court should therefore quash the Attorney Subpoenas.

## ARGUMENT

## THE COURT SHOULD QUASH THE ATTORNEY SUBPOENAS.

The Attorney Subpoenas fail to comply with Fed. R. Crim. P. 17, which governs the issuance of subpoenas in Federal criminal proceedings.  The Court may control the use of Rule 17(c) to that end by its power to rule on motions to quash or modify.  Bowman Dairy Co. v. United States, 341 U.S. 214, 220, n. 5 (1951) ("We also find in the same rule [17], under (c), a provision for the production of documentary evidence or objects—the familiar subpoena duces tecum—and if the person upon whom the subpoena is served thinks it is broad or unreasonable or oppressive he may apply to the court to quash the subpoena.")

A party seeking production under the rule must show: (1) relevancy; (2) admissibility; and, (3) specificity.  United States v. Nixon, 418 U.S. 683, 700 (1974); United States v. Stewart, 2003 WL 23024461, at *1 (S.D.N.Y. Dec. 29, 2003) (citing the abbreviated test of Nixon, supra, as comprising three hurdles: relevancy, admissibility, and specificity).  Here, the Attorney Subpoenas fail to meet these criteria.

A. The Materials Sought Are Not Relevant

First and foremost, the Attorney Subpoenas fail to focus on materials having evidentiary relevance. The reason for the Attorney Subpoenas appears to be to authenticate alleged foreign records. A party seeking to subpoena materials under Fed R. Crim. P. 17 (c) has the burden of establishing the direct evidentiary relevance of the information sought. Rule 17 (c) may be used to obtain only evidentiary materials. "[A]ny document or other materials, *admissible as evidence,* obtained by the Government by solicitation or voluntarily from third persons is subject to subpoena." Bowman Dairy Co. v. United States, 341 U.S. 214, 221 (1951) (emphasis added).

Thus, in order to be procurable by means of a Rule 17(c) subpoena, materials must themselves be admissible evidence. See United States v. Cuthbertson, 651 F.2d 189, 195 (3d Cir.1981) (materials which were hearsay on their face and therefore not admissible as evidence at trial were not subject to Rule 17(c) subpoena), cert. denied, 454 U.S. 1056 (1981); United States v. Cherry, 876 F. Supp. 547, 552–53 (S.D.N.Y. 1995).

Here, the materials sought are hearsay on their face. Attorneys Klingeman and Nau cannot authenticate the documents that the Client provided to the Government in 2013. The attorneys are not persons with knowledge of whether the materials are records of regularly conducted activity. They cannot attest to when such records were made; the time of the occurrence of the matters set forth in the record; whether the records were kept in the course of a regularly conducted business activity; whether business activity made such a record as a regular practice; and, whether such record is a duplicate of the original, in order for the materials to overcome the hearsay rule. (See 18 U.S.C § 3505, Foreign records of regularly conducted activity (setting forth the criteria to authenticate a foreign business record by certification)). Nor

can the attorneys for the Client testify about the relevance of the documents. As such, the Court should quash the Attorney Subpoenas.

  B. <u>The Materials Sought are in the United States Attorney's Possession</u>.

  The materials sought are also not a proper subject of a Rule 17 because they are already in the possession the United States Attorney's Office for the Southern District of New York. As indicated in the Attorney Subpoenas the Government seeks *document productions to the United States Attorney's Office,* along with the cover letters that accompanied the document productions on behalf of the Client. The materials are already in the possession of the Government and therefore, the Attorney Subpoenas are unnecessary.

  C. <u>The Attorney Subpoenas Are Unreasonable and Oppressive</u>.

  The Attorney Subpoenas are unreasonable and oppressive as they seek to invade the attorney-client and work product privileges. In response to the Attorney Subpoenas, counsel would be compelled to assert the privileges as to the production, as well as their communications with the Client, and as to the process of providing materials in response to the investigation. Here, the act of turning over documents might constitute a communication by the attorneys in violation of the attorney-client privilege. <u>See</u> <u>e.g.</u> <u>In re Katz</u>, 623 F.2d 122, 126 (2d Cir. 1980). The need for the information does not outweigh the potential adverse effects upon the attorney-client relationship. As set forth previously, the Attorneys are unable to authenticate or speak to the relevance of the materials. Moreover, the documents provided are <u>confidential</u> and provided with the understanding that they were to be used solely in connection with the Client's cooperation in the investigation.

1. <u>The Documents were produced subject to FRE 410 by agreement with USAO-SDNY.</u>

The documents were provided to the USAO-SDNY by agreement pursuant to FRE 410 in connection with the Client's cooperation in an investigation. The documents are <u>confidential</u> and were provided to the USAO-SDNY with the understanding that they were to be used solely in connection with an investigation. <u>See</u> *Klingeman Aff.*, ¶ 4 and exhibits. The Court should quash the Attorney Subpoenas which are contrary to the agreement in connection with the Client's cooperation.

As stated in the production letters, counsel confirmed on behalf of the Client:

> Bank Frey is producing this information in an effort to cooperate with the Government's investigation. Although Bank Frey is producing this information voluntarily and not pursuant to grand jury subpoena or other legal process, we ask that you treat this information as secret pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure. Further, although Bank Frey is producing this information voluntarily and not pursuant to grand jury subpoena or other legal process, Bank Frey intends no waiver of <u>any rights or privileges</u> by this production, including, for example, issues of jurisdiction or attorney-client privilege. … Finally, although Bank Frey is producing this information voluntarily and not pursuant to grand jury subpoena or other legal process, Bank Frey intends no violation of law by this production, including, for example, Swiss bank secrecy requirements.

<u>See</u> Letter to U.S. Attorney's Office, Southern District of New York, dated January, 15, 2013, *Klingeman Aff.*, Exhibit B (emphasis added).

Federal Rule of Evidence 410, which governs Pleas, Plea Discussions, and Related Statements, prohibits a party from using information provided in plea-related discussions and negotiations in court proceedings. Fed. R. Evid. 410 provides in pertinent part:

> (a) Prohibited Uses. In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions: ***
> (4) a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea.

Here, the information the Client provided to the USAO-SDNY in 2013 was intended to rebut allegations of wrongdoing that the Government was investigating, and to explain and justify the Client's conduct.  The explicit purpose for sharing the information was to convince the Government not to bring criminal charges against the Client. To date, no criminal charges have been brought against the Client.  Accordingly, the information provided was never intended by the Client to be offered in evidence in a court proceeding, and the Court should preclude the Government from doing so pursuant to Fed. R. Evid. 410.

In addition, certain of the documents are German language documents.  In furtherance of the Client's effort to cooperate, draft English translation were provided to the USAO-SDNY subject to the explicate understanding that "[a]ny draft translation will not be used at any proceeding to conduct examination of any witness or to impeach or call into question the accuracy of any translation." See Letters to U.S. Attorney's Office, Southern District of New York, dated February 12, 2013 and March 28, 2013, *Klingeman Aff.,* Exhibit B.

Because the documents were provided to the USAO-SDNY by agreement pursuant to FRE 410 in connection with the Client's cooperation in an investigation, the Court should quash the Attorney Subpoenas.

2.  Attorney Subpoenas fail to meet guidelines for their issuance.

The Attorney Subpoenas should also be quashed as they fail to meet basic guidelines for their issuance.  The Department of Justice, U.S. Attorneys' Manual (2016), Section 9-13.410 – sets forth Guidelines for Issuing Subpoenas to Attorneys for Information Relating to the Representation of Clients, "[b]ecause of the potential effects upon an attorney-client relationship that may result from the issuance of a subpoena to an attorney for information relating to the attorney's representation of a client …."   Id.

In considering a request to approve the issuance of a subpoena to an attorney for information relating to the representation of a client, among the principles applied are:

1. The information sought shall not be protected by a valid claim of privilege.
2. All reasonable attempts to obtain the information from alternative sources shall have proved to be unsuccessful.

\*\*\*

5. The need for the information must outweigh the potential adverse effects upon the attorney-client relationship. In particular, the need for the information must outweigh the risk that the attorney may be disqualified from representation of the client as a result of having to testify against the client.

U.S. Attorneys' Manual, section 9-13.410 (current).

The Attorney Subpoenas are unreasonable and oppressive and violate the foregoing principles. First, they seek to invade the attorney-client and work product privileges. The attorneys will be forced to assert the privileges if called upon to testify. See e.g. In re Katz, 623 F.2d 122, 126 (2d Cir. 1980) (the act of turning over documents may constitute a communication by the attorneys in violation of the attorney-client privilege). The need for the information does not outweigh the potential adverse effects upon the attorney-client relationship.

Second, there is no indication that the Government attempted to obtain the documents directly from the foreign Client accordance with U.S. Attorneys' Manual, section 9-13.520, Methods of Obtaining Evidence Abroad (current), which delineates "many different methods of obtaining evidence from abroad, including the use of letters rogatory, treaty requests, executive agreements and memoranda of understanding, subpoenas (see USAM 9-13.525), and other informal means."  The Court should quash the Attorney Subpoenas on this basis as well.

      3.      <u>The Attorney Subpoenas raise substantial policy concerns</u>.

Last, the Attorney Subpoenas should be quashed in light of the substantial policy concerns they raise. As a general matter, "[a]ttorney subpoenas have been criticized because of concern that service of such a subpoena immediately drives a chilling wedge between attorney

7

and client, deflects the attorney's attention from the merits of the client's case to a concern for the attorney's possible liability for contempt, disqualifies the attorney and deprives the client of the counsel of her choice if the attorney is required to testify at trial, and discourages experienced defense counsel from continuing to accept criminal cases." See *Ethical and procedural restrictions on attorney subpoenas, Grand Jury Law and Practice* § 6:24 (2d ed., Nov. 2016 update).

## CONCLUSION

For the foregoing reasons, Krovatin Klingeman LLC respectfully requests that the Court quash the Attorney Subpoenas.

Dated: October 19, 2017               Respectfully submitted,

/s/ Henry E. Klingeman
Henry E. Klingeman
hklingeman@krovatin.com
Helen A. Nau
hnau@krovatin.com
KROVATIN KLINGEMAN LLC
60 Park Place, Suite 1100
Newark, NJ 07102
(973) 424-9777